## In re: Appeal of Willard Rhodes

[305 A.2d 591]

No. 22-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed May 4, 1973

*Black & Plante,* White River Junction, for Plaintiff.

*Thomas P. Wright, Esq.,* Woodstock, for Defendant.

**Per Curiam.** This is a motion to dismiss. It arises out of an appeal from the decision of the Windsor County Court in a zoning matter. The issues concern the nature and finality of county court review of decisions of the zoning board of adjustment. The moving party contends that final appellate review is in the county court, with no right of appeal to this Court.

24 V.S.A. § 4472(a) provides:

> The exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or by-law shall be the appeal to the board of adjustment under section 4464 of this title, and the appeal to a county court from an adverse decision upon such appeal under section 4471 of this title.

In 24 V.S.A. § 4473 we find that the legislature has designated the board of adjustment the place for ultimately finding the facts for purposes of review. This certainly negates any *de novo* function in the county court in this kind of proceeding. The provisions of 3 V.S.A. §§ 801–816, and their implementation by V.R.C.P. 74, made applicable to this kind of appeal by 24 V.S.A. § 4471, do not require review in this Court where "some other court is expressly provided by law." 3 V.S.A. § 815. The legislature has made such express provision here.

■ There is no question but what the legislature has the power to define and designate the manner of, and forum for, appellate review, or, in the absence of any constitutional requirement, deny it. *State* v. *Muzzy*, 124 Vt. 222, 224–25, 202 A.2d 267 (1964). Without statutory authority to hear an appeal, this Court cannot do so unless there is some constitutional justification, not alluded to here. Where no direct appellate jurisdiction exists, this Court's power of review is restricted to questions brought before it through other procedural means, such as petitions for extraordinary relief under V.R.A.P. 21, and related procedures. The motion before us must be granted.

*Appeal dismissed.*