## Donald F. Byrd, Jr. v. Edward F. Kehoe, Commissioner, Fish & Game Department

[388 A.2d 834]

No. 316-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Adams, Meaker and Darby,* Waterbury, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Benson D. Scotch,* Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** The plaintiff brought this action to challenge the action of the commissioner of fish and game in revoking his licenses to hunt, fish, trap and buy furs. The revocation was based on the provisions of 10 V.S.A. § 4502 and the plaintiff's unappealed conviction of a violation of the fish and game laws relating to the possession of the fur of a fisher cat taken in closed season.

The first concern is the authority of this Court to entertain this action. The proceeding is described as an appeal from the revocation action of the commissioner. The provisions of 10 V.S.A. § 4502 require the commissioner to revoke a license when the holder has been convicted of a fish and game violation. No hearing is provided for. This means the proceeding is not a "contested case" within the definition in 3 V.S.A. §§ 801–816, and is not appealable under V.R.C.P. 74.

In such a circumstance V.R.C.P. 75 must be considered. In order to ascertain its application, it must first be determined under statutory authority whether review of the agency action can be had. It should be noted that nothing in the applicable

fish and game laws bars such review. This is to be contrasted with the situation in *In re Rhodes*, 131 Vt. 308, 305 A.2d 591 (1973), where the statute designated the form of review.

However, V.R.C.P. 75 contemplates a proceeding in superior court, followed by appeal to this tribunal. That route was not followed, so that jurisdiction to hear the appeal must find its support elsewhere.

It would appear that the relief sought in this action is in the nature of mandamus. Here, too, absent an allegation supported by affidavit that no adequate remedy is available in superior court, the complaint must be first brought to that court. V.R.A.P. 21. That route was not followed, either. Without proper resort to the rules conferring jurisdiction upon this Court to hear this matter as an original proceeding, the action must be dismissed.

*Cause dismissed.*