**Raymond S. Fitzpatrick v. Vermont State Retirement System, Vermont State Treasurer and State of Vermont**

[394 A.2d 1138]

No. 50-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed October 31, 1978

*Raymond S. Fitzpatrick,* Barre, *pro se.*

*M. Jerome Diamond,* Attorney General, and *Louis P. Peck,* Chief Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** The controlling question before us is the jurisdiction of this Court to entertain an attempted direct appeal

by the plaintiff from a decision of the Vermont State Retirement Board, denying his request to add credit to his retirement account. The issue was raised in a motion to dismiss the appeal filed by the state.

The plaintiff concedes that there is no express statutory authority for an appeal to this Court from the actions of the Retirement Board, but contends that his right to appeal derives from 3 V.S.A. § 815. That provision of the Administrative Procedure Act permits a person who has exhausted all administrative remedies and is aggrieved by a final decision in any contested case to appeal that decision to this Court, unless some other court is expressly provided for by law. A "contested case," within the meaning of the statute, is a proceeding "in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." 3 V.S.A. § 801(2).

The general administration and responsibility for the operation of the retirement system is vested in the Retirement Board. 3 V.S.A. § 471(a). The statute makes no provision for a hearing upon any issue or determination which might arise under its terms. This means that the proceeding is not a contested case within the definition in 3 V.S.A. §§ 801–816, and is not appealable under V.R.C.P. 74.

In such a circumstance V.R.C.P. 75 must be considered. In order to ascertain its application, it must first be determined under statutory authority whether review of the agency action can be had. *Byrd* v. *Kehoe*, 136 Vt. 204, 388 A.2d 834, 835 (1978). Nothing in the applicable retirement system laws bars such review. However, V.R.C.P. 75 contemplates a proceeding in superior court, followed by appeal to this tribunal. *Byrd* v. *Kehoe, supra,* 136 Vt. at 205, 388 A.2d at 835.

Where no direct appellate jurisdiction exists, this Court's power of review is restricted to questions brought before it by procedural means such as V.R.A.P. 21 and related procedures. *In re Rhodes*, 131 Vt. 308, 310, 305 A.2d 591, 592 (1973).

The right of review which the plaintiff seeks in this Court is not provided for by statute. Without such authority, this

Court has no jurisdiction to entertain his appeal. *State v. Muzzy*, 124 Vt. 222, 225, 202 A.2d 267, 270 (1964). The motion to dismiss must be granted.

*Appeal dismissed.*