## Cornelius F. Reed v. Department of Public Safety

[398 A.2d 301]

No. 108-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*Richard C. Blum* of *Blum Associates, Inc.*, Burlington, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Louis P. Peck*, Chief Assistant Attorney General, Montpelier, for Defendant.

**Per Curiam.** The jurisdiction of this Court is prescribed

by the statutes enacted by the General Assembly. Our authority to review decisions of lower tribunals, administrative agencies, even those of the chief executive, is therefore limited. Contrary to the opinion held by many, appellate review is not available as a matter of right in all cases. In order to entertain an appeal, we must first determine whether we have jurisdiction.

The appellant is a member of the Department of Public Safety. By statute, appointment or promotion of members of the Department of Public Safety is entrusted to the commissioner who may devise and administer examinations designed to test the qualifications of members; only those applicants shall be appointed or promoted who meet the prescribed standards and qualifications. 20 V.S.A. § 1878. See also 20 V.S.A. § 1911.

The appellant took a competitive examination for the grade of sergeant, and his score was placed on a register from which candidates for promotion were selected. When he was not promoted, he instituted administrative procedures to right his claimed wrong, including, by agreement, a review of the case by the chief executive of this state. Being dissatisfied with the results of the Governor's review, he seeks to appeal to us under sections 815 and 801(2) of Title 3 V.S.A. These sections are part of the Vermont Administrative Procedure Act established by the Legislature.

3 V.S.A. § 815, entitled "Judicial review of contested cases," provides in subsection (a) that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the supreme court, unless some other court is expressly provided by law." A " 'contested case' means a proceeding . . . in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." 3 V.S.A. § 801(2).

Under the statutory scheme governing the department, the only time a hearing is mandated is in cases where the commissioner seeks to discharge, demote, or temporarily suspend a member for cause. 20 V.S.A. § 1880. The statute does not require a hearing in employee grievances, including those relating to promotion. Moreover, even the departmental regulations do not require such a hearing. Because no hearing is required by law, the appellant's grievance is not a "contested case" within the

provisions of 3 V.S.A. § 801(2), and it is not appealable to this Court under 3 V.S.A. § 815.

V.R.C.P. 75 provides for a review of a governmental action that is not appealable as a "contested case," if such review is otherwise available by law. However, the Rule contemplates a proceeding in superior court followed by appeal to this Court. *Fitzpatrick* v. *State Retirement System*, 136 Vt. 510, 394 A.2d 1138 (1978); *Byrd* v. *Kehoe*, 136 Vt. 204, 205, 388 A.2d 834, 835 (1978). The mode of review is set forth in V.R.C.P. 75(b). The appellant did not choose to pursue this route. Nor did the appellant follow the procedure set out in V.R.A.P. 21, which requires an allegation supported by affidavit that no adequate remedy is available in superior court. Absent such an allegation and affidavit, the complaint must be brought in superior court. *Byrd* v. *Kehoe, supra*, 136 Vt. at 205, 388 A.2d at 835.

However meritorious the appellant's claims may be, lacking jurisdiction in law, we cannot pass upon them here.

*Appeal dismissed.*