# Virginia Howard v. Office of the Secretary of State

[435 A.2d 962]

No. 412-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Samuel C. FitzPatrick*, Montpelier, for Plaintiff.

*Robert A. Mello* of *Downs, Rachlin & Martin*, South Burlington, for Defendant.

Larrow, J. Appellant Howard, a long-time employee of the State in the office of the Secretary of State, filed a claim for workmen's compensation benefits. After a hearing before the state board (the commissioner of labor and industry, the state treasurer, and the auditor of accounts) established for that purpose by 21 V.S.A. § 628, the claim was denied. She thereupon filed a notice of appeal to the Washington Superior Court. That court, on motion, dismissed her appeal for lack of subject matter jurisdiction. Presence or absence of that jurisdiction in the superior court is the question here presented for review. The merits of the claim itself are not involved.

Prior to its 1981 amendment (not applicable here), V.R.C.P. 74 governed appeals to a superior court from decisions of a governmental agency in a contested case under the Administrative Procedure Act, 3 V.S.A. §§ 801–816. Those appeals were required to be by "any party entitled thereto by law." Appellant claims the superior court had jurisdiction of her appeal under these provisions, because hers was a "contested case" and 21 V.S.A. § 670 permits her to appeal to the appropriate superior court.

We need not decide whether hers is indeed a contested case within the statutory definition. 3 V.S.A. § 801(2), in pertinent part, defines a contested case as one "in which the legal rights, duties, or privileges of a party are required by law to be determined . . . after an opportunity for hearing." We simply note, in passing, that the presence of such right, duty or privilege is at least open to debate, in light of the absence of statutory mandate for the award sought, provision only for maximum amount, and the leaving of any award at all to the judgment and discretion of the established board. See 1954 Op. Atty. Gen. 217.

The final sentence of 21 V.S.A. § 628 is much more conclusive of the issue here. It reads quite tersely: "The decisions of the board shall be final." We read this in its plain meaning, as precluding any appeal. The rights, if any, of the employee here are created by the statute, and the remedy is an integral part of the right given; it has no existence separate and apart from the remedy. *Grenier* v. *Alta Crest Farms, Inc.,* 115 Vt. 324, 58 A.2d 884 (1948). And the finality of decision is no stranger to our law, especially as it relates to claims against the state. See 32 V.S.A. §§ 931–935, relating to claims commission. There is no constitutional requirement for an appeals procedure, even where the rights involved are definite in character. *In re Rhodes,* 131 Vt. 308, 310, 305 A.2d 591, 592 (1973); *Eno* v. *City of Burlington,* 125 Vt. 8, 16–17, 209 A.2d 499, 506 (1965). It seems entirely clear here that the legislature gave some species of benefit to the covered employees, discretionary in amount and entrusted to the judgment of an established board, whose determination was to be final.

Appellant argues that she is given an appeal, notwithstanding the foregoing, by the provisions of 21 V.S.A. § 670. That section reads:

§ 670. Appeals to superior court

Within thirty days after copies of an award have been sent as provided by this chapter, either party may appeal to the superior court . . . . Either party shall be entitled to a trial by jury.

She contends that the words "as provided by this chapter" should be construed to confer appellate jurisdiction over cases decided both under 21 V.S.A. §§ 628 and 669, awards of the commissioner. The quoted words, however, clearly modify the phrase "have been sent," not the words "an award." This is made even more clear by the following section, § 671, which limits the jurisdiction of such court to a review of questions of fact and law certified to it *by the commissioner,* and specifies a remand *to the commissioner.* Applicability to any award *by the board* is clearly not contemplated.

■   Appellant also argues briefly that V.R.C.P. 75 confers jurisdiction upon the superior court. The contention is as briefly disposed of. That rule provides for review of governmental action or inaction not appealable under Rule 74 *if such review is otherwise available by law.* This is almost the precise equivalent of the phrase in Rule 74, "entitled thereto by law," which we have already discussed. Availability and entitlement are equally precluded by the provision for finality. In addition, none of the procedural requirements of Rule 75 were complied with below.

*Judgment affirmed.*