**Lauren and Marilyn Mason v. Thetford School Board, and Vermont State Board of Education**

[457 A.2d 647]

No. 82-190

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

Motion for Reargument Denied February 23, 1983

*Elliot M. Burg,* South Royalton Legal Clinic, South Royalton, for Plaintiffs-Appellees.

*Robert B. Luce,* Montpelier, for Defendant-Appellant State Board of Education.

*Reid and Balivet,* Newbury Village, for Defendant-Appellant Thetford School Board.

**Underwood, J.** The Vermont State Board of Education [the State Board] and the Thetford School Board [the Thetford Board] appeal from a ruling of the Washington Superior Court overturning the State Board's decision denying Marilyn and Lauren Mason's [the parents] request that the Thetford Board pay tuition for their son to a school other than to Thetford Academy, the private school designated by the Thetford electorate as the town's public high school. The State Board argues, inter alia, that the superior court lacked jurisdiction to review its decision. We agree and reverse.

Briefly stated, the facts are as follows. The parents are residents of Thetford, Vermont, where they live with their son. After their son graduated from Thetford Elementary School in 1979 his parents decided to place him in the seventh

grade at the Richmond School in Hanover, New Hampshire, rather than Thetford Academy. In this connection, the parents requested, pursuant to 16 V.S.A. § 827 (c), that the Thetford Board pay his tuition to the Richmond School rather than to Thetford Academy. The Thetford Board denied their request, and the parents appealed to the State Board. It affirmed on the grounds that the needs of their son could be met at Thetford Academy.

The parents appealed the decision of the State Board to the Washington Superior Court. The State Board's motion to dismiss for lack of jurisdiction was denied by the court. The parents' motion for summary judgment, alleging that the decision of the State Board was erroneous as a matter of law, was granted. It is the position of the State Board in this appeal that the superior court erred, as a matter of law, in denying its motion to dismiss.

The parents invoked the jurisdiction of the superior court under V.R.C.P. 75. Rule 75 provides, in pertinent part, that:

> (a) Any action or failure or refusal to act by an agency of the state . . . including any . . . board . . . that is not appealable under Rule 74 may be reviewed in accordance with this rule *if such review is otherwise available by law*. (Emphasis added.)

In determining the availability of review under Rule 75 this Court looks to the applicable law in the substantive area governing the case. See, e.g., *Fitzpatrick* v. *Vermont State Retirement System*, 136 Vt. 510, 511, 394 A.2d 1138, 1139 (1978); *Byrd* v. *Kehoe*, 136 Vt. 204, 204–05, 388 A.2d 834, 835 (1978). The applicable law in this case, 16 V.S.A. § 827, clearly precludes review.

16 V.S.A. § 827 (a) allows a school district which does not maintain an approved public high school to designate a private high school, approved by the State Board, as the public high school of the district. Following designation the school district "shall pay tuition to the [designated] school," 16 V.S.A. § 827 (b), unless a parent successfully "request[s] the school board to pay tuition to another approved high school" pursuant to 16 V.S.A. § 827 (c). Under 16 V.S.A. § 827 (d) the school board for the school district is authorized to pay tuition to another approved high school, if requested, and

the State Board is given the authority to review the local school board's decision:

The school board may pay tuition to another approved high school as requested if in its judgment that will best serve the interests of the pupil. A parent or guardian may appeal to the state board and *its decision shall be final* in regard to the institution the child may attend. (Emphasis added.)

 We have held on many occasions that there is no absolute right to appellate review of administrative decisions. *Reed* v. *Department of Public Safety,* 137 Vt. 9, 9–10, 398 A.2d 301, 307 (1979) ; *In re City of Barre,* 134 Vt. 519, 521, 365 A.2d 519, 521 (1976); *Kidder* v. *Thomas,* 134 Vt. 527, 528, 365 A.2d 251, 252 (1976). Moreover, the legislature has the power, in the absence of any constitutional requirement, to deny such review. *In re Rhodes,* 131 Vt. 308, 310, 305 A.2d 591, 592 (1973) ; *State* v. *Muzzy,* 124 Vt. 222, 224–25, 202 A.2d 267, 270 (1964).

██ In the instant case it is clear that the legislature has not provided for review by the superior court. The expression of finality in 16 V.S.A. § 827(d) must be interpreted according to its ordinary meaning. *In re McGrath,* 138 Vt. 77, 80, 411 A.2d 1362, 1364 (1980). The natural and ordinary meaning of a provision stating that the action of a tribunal shall be final is that such action is not subject to review. This was the holding of our recent decision in *Howard* v. *Secretary of State,* 140 Vt. 139, 435 A.2d 962 (1981). In *Howard* we were called upon to interpret the final sentence of 21 V.S.A. § 628, concerning decisions of the state board for state employee-workers' compensation. The final sentence states: "[t]he decisions of the board shall be final." We held that the plain meaning of its language precluded appeal.

We read this in its plain meaning, as precluding any appeal. The rights, if any, of the employee here are created by the statute, and the remedy is an integral part of the right given; it has no existence separate and apart from the remedy.

*Id.* at 141, 435 A.2d at 963.

█ The parents argue that even though § 827 may not give them the right to appellate review, review of the State Board's decision would be "otherwise available by law," as is required by Rule 75, either as a declaratory judgment action or as a petition for extraordinary relief in the nature of certiorari. We disagree. The rights of the parents are created by § 827 and are limited by the remedy provided therein. The language of finality in § 827 precludes appeal even where it might otherwise be available. As we stated in *Howard,* "[a]vailability and entitlement are equally precluded by the provision for finality." *Id.* at 142, 435 A.2d at 964.

██ Finally, we note that there is no constitutional right to be reimbursed by a public school district to attend a school chosen by a parent. As such, the legislature has the power to deny appellate review of the State Board's decision whether or not to make such reimbursement. *In re Rhodes, supra,* 131 Vt. at 310, 305 A.2d at 592; *State* v. *Muzzy, supra,* 124 Vt. at 224–25, 202 A.2d at 270. The legislature exercised this power in § 827 by including the phrase the "[Board's] decision shall be final" in said statute. Thus, it was error for the court to deny the State Board's motion to dismiss for lack of jurisdiction. Accordingly, we reverse.

*Reversed.*