# Andrew C. Vincent v. Vermont State Retirement Board and Vermont State Treasurer

[536 A.2d 925]

No. 86-100

Present: **Allen, C.J., Hill, Peck and Gibson, JJ.**

Opinion Filed October 23, 1987

*Ouimette & Runcie*, Vergennes, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Andrew M. Eschen*, Assistant Attorney General, Montpelier, for Defendants-Appellees.

**Gibson, J.** This case comes to us on appeal from the Washington Superior Court, to which plaintiff appealed a decision of the Vermont State Retirement Board ordering an offset of his disability retirement payments. We affirm.

No material disagreement as to the facts of this case exists between the parties. In June of 1979, plaintiff began working for the State of Vermont at the age of 50. On November 11, 1980, plaintiff was injured while in the employ of the State. He has been disabled since the date of his accident and has not worked since then. After the accident, plaintiff applied for and received workers' compensation benefits. He initially received temporary total

disability payments, and, under a subsequent settlement agreement approved by the Vermont Department of Labor and Industry, plaintiff received permanent partial disability benefits amounting to a total award for this injury of $29,643.53. This award included payment of $3,000 for plaintiff's attorney's fees.

On September 20, 1982, plaintiff applied for disability retirement benefits through the Vermont state retirement system based upon the accident for which he received his workers' compensation benefits. On February 18, 1983, the Retirement Board voted to approve payment of disability benefits to plaintiff, but to offset the State's share of those benefits by the amount of the workers' compensation award. The offset had the effect of reducing plaintiff's monthly benefits from $175.83 to $7.96. The offset would remain in effect until the entire amount of the workers' compensation award had been reimbursed to the State, sometime in 1997.

Plaintiff filed a complaint in the Washington Superior Court pursuant to V.R.C.P. 75, seeking judicial review of the Retirement Board's decision. On January 20, 1986, that court dismissed plaintiff's complaint and entered judgment for the Retirement Board.

On appeal, plaintiff presents a number of issues: that 3 V.S.A. § 466 represents an unlawful delegation of legislative authority; that the Retirement Board's interpretation of § 466 was unreasonable and contrary to the legislature's intent; that the Retirement Board has previously applied § 466 in an inconsistent manner; and that the Retirement Board incorrectly offset plaintiff's permanent partial disability award against plaintiff's disability retirement allowance. The Retirement Board also raises the claim that the decision of the Board with respect to the application of an offset under 3 V.S.A. § 466 is not subject to judicial review.

## I. JURISDICTION

The Retirement Board asserts that plaintiff possesses no right to judicial review of its decision. While the legislature may deny judicial review of administrative agency decisions, *Mason* v. *Thetford School Board*, 142 Vt. 495, 498, 457 A.2d 647, 649 (1983); *In re Rhodes*, 131 Vt. 308, 310, 305 A.2d 591, 592 (1973), the legislature did not express such an intent in the legislation establishing the Vermont state retirement system. See 3 V.S.A. §§

455 to 495. The Retirement Board uses as an example of legislative intent to foreclose judicial review of administrative decisions language from the Vermont Employer's Liability and Workers' Compensation Act (21 V.S.A. §§ 601 to 710), specifically former § 628, which stated that: "The decisions of the board shall be final."[1] Defendant contends that the language in 3 V.S.A. § 466—"in such manner as the retirement board shall determine"—should be interpreted in the same manner as the above-quoted language from 21 V.S.A. § 628. This reads too much into § 466. Section 628 set forth a clear legislative intent to foreclose judicial review of decisions rendered by the State Board on Employee Benefits, while the language of § 466, taken at its plain meaning and in the context of the remainder of the act, does not foreclose judicial review of the Retirement Board's decisions.[2]

■ Defendant attempts to distinguish *Fitzpatrick* v. *State Retirement System*, 136 Vt. 510, 394 A.2d 1138 (1978), by asserting that the jurisdiction issue was neither properly presented nor briefed in that case. This, however, is incorrect. In *Fitzpatrick*, the Court dealt directly with the jurisdictional aspects of appeals from the Retirement Board. The Court found that while no right of direct appeal existed, V.R.C.P. 75 would allow an appeal of the Board's decisions to the superior court with subsequent appeal to the Supreme Court. *Id.* at 511, 394 A.2d at 1139. Therefore, we conclude that jurisdiction to hear the instant case does exist pursuant to V.R.C.P. 75.

---

[1] 21 V.S.A. § 628 was repealed in 1982 by the legislature (1981, No. 165 (Adj. Sess.), § 7), but the section remains viable as an example of legislative intent to foreclose judicial review of administrative agency decisions.

[2] This Court is hesitant to interpret arguably ambiguous legislation as foreclosing judicial review of administrative agency decisions. Chapter I, Article 4 of the Vermont Constitution states that "[e]very person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property or character . . . ." See, e.g., *In re Stoddard*, 144 Vt. 6, 470 A.2d 1185 (1983). See generally Linde, *Without "Due Process": Unconstitutional Law in Oregon*, 49 Or. L. Rev. 125 (1970); Note, *The Right of Access to Civil Courts Under State Constitutional Law: An Impediment to Modern Reforms, or a Receptacle of Important Substantive and Procedural Rights?*, 13 Rutgers L.J. 399 (1982). Since judicial review of an administrative decision exists in the instant case, however, we will not deal with the issue further herein.

## II. DELEGATION OF LEGISLATIVE AUTHORITY

We deal next with plaintiff's claim that 3 V.S.A. § 466 represents an unconstitutional delegation of legislative authority to an administrative agency. Chapter II, § 5 of the Vermont Constitution states that: "The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Although the legislature cannot delegate its legislative functions, it may confer upon administrative agencies the power to apply the general provisions of the law to particular circumstances. *Sabre* v. *Rutland Railroad*, 86 Vt. 347, 365-66, 85 A. 693, 701 (1913). Such "[a]n agency must operate for the purposes and within the bounds authorized by its enabling legislation . . . ." *In re Agency of Administration, State Buildings Division*, 141 Vt. 68, 75, 444 A.2d 1349, 1352 (1982). The enabling legislation of virtually every administrative agency must include a certain degree of discretion given to the administrative agency to deal with issues unforeseen by its creators. This Court has consistently held that such discretion delegated by the legislature "must not be 'unrestrained and arbitrary.'" *State* v. *Chambers*, 144 Vt. 234, 239, 477 A.2d 110, 112 (1984) (quoting *State* v. *Auclair*, 110 Vt. 147, 163, 4 A.2d 107, 114 (1939)). We have also noted that the entire statute must be examined to determine whether the discretion afforded an administrative agency is sufficiently defined so as to warrant noninterference by this Court. See *Chambers*, 144 Vt. at 239, 477 A.2d at 113; *Auclair*, 110 Vt. at 165, 4 A.2d at 114.

The language contained in the section at issue clearly defines the limits of the Retirement Board's discretion. "*Any* amounts which may be paid or payable by the state under the provisions of any workers' compensation . . . *shall*, in such manner as the retirement board shall determine, be offset against and payable out of funds provided by the state under the provisions of this subchapter . . . ." 3 V.S.A. § 466 (emphasis added). The Retirement Board was granted discretionary authority under this section to determine how to offset a workers' compensation award against an occupationally related disability pension; the Board was not granted the discretion whether or not to do so. Given the plain language of this statute, this Court will give effect to its obvious terms and not attempt to construe it. *Donoghue* v. *Smith*, 119 Vt. 259, 263, 126 A.2d 93, 96 (1956). Words used in a statute

which have not been specifically defined in that statute are to be given their plain and commonly accepted meaning. *Maurice Callahan & Sons, Inc.* v. *Armstrong*, 125 Vt. 213, 216, 214 A.2d 70, 74 (1965). The word "shall" is mandatory, not permissive. "Any amounts" clearly means any monies received by a state employee from the workers' compensation system. Therefore, we conclude that § 466 is not an unconstitutional delegation of legislative authority, for it gives clear mandatory guidelines for the Board to follow in arriving at its decisions.[3]

## III. THE RETIREMENT BOARD'S APPLICATION OF SECTION 466

■ ■ Plaintiff's three other arguments can be consolidated since they all deal with the issue of the Retirement Board's application of 3 V.S.A. § 466 to plaintiff's case. While we recognize that the statute in question here is remedial legislation and thus should be liberally construed in favor of plaintiff, *Grenafege* v. *Department of Employment Security*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976), if the language of the statute is clear, legislative intent must be ascertained from the statute itself, and this Court must enforce the statute according to its obvious terms. *In re G. F.*, 142 Vt. 273, 280, 455 A.2d 805, 808-09 (1982). As previously stated, the manner in which the Retirement Board offset plaintiff's workers' compensation award is within the discretion of the Board; it is not within the discretion of the Board to determine whether or not to offset such awards. This Court will not interfere with the decision of an administrative board made in the performance of a discretionary duty in the absence of a showing of abuse of discretion resulting in prejudice to one of the parties. *Town of Sheldon* v. *Central Vermont Ry.*, 141 Vt. 477, 480, 449 A.2d 976, 978 (1982). The Board may have had any number of reasons for acting in the way that it did; it must consider many factors, not the least amongst them the financial health of the retirement fund. This Court will not delve into the reasons for the

---

[3] The fact that the Board may have acted differently in the past is of no significance, given the fact that plaintiff has offered no evidence of detrimental reliance on the Board's past actions. Furthermore, this issue has not been proven to exist by either party, so we must refrain from passing judgment on this possibility.

Board's actions absent evidence of an abuse in the exercise of its discretion.

The Retirement Board followed the clear mandate of the legislature in offsetting "[a]ny amounts" received by plaintiff, including that portion of his award allocated to attorney fees. 3 V.S.A. § 466. See also 21 V.S.A. § 682 (attorney fees may be enforced as a lien against workers' compensation awards). Section 466 makes no differentiation between temporary partial disability payments and permanent disability payments. Plaintiff's cited case of *Bishop* v. *Town of Barre*, 140 Vt. 564, 442 A.2d 50 (1982), discussing the different criteria for computing temporary, as opposed to permanent, benefits is irrelevant, because § 466 requires that "[a]ny amounts" received under workers' compensation be offset against retirement payments. These actions are mandatory and not within the Board's discretion; hence, the Board did not abuse its "discretion" by acting in this manner. The fact that the Board chose to offset plaintiff's disability retirement allowance by his workers' compensation award after plaintiff stopped receiving the workers' compensation award is of no import, since the manner of offsetting the workers' compensation award is within the Board's discretion. 3 V.S.A. § 466 ("in such manner as the retirement board shall determine"). See also *Renshaw* v. *United States Pipe & Foundry Co.*, 30 N.J. 458, 468, 153 A.2d 673, 679 (1959) (not against public policy to delay payment of pension disbursement until workers' compensation award was fully offset).

█ Finally, plaintiff is not entitled to any minimum payments. The legislature expressly provided for minimum payments for only one group of state employees, public safety employees. 3 V.S.A. § 469. The absence of any action by the legislature to guarantee minimum payments to other employees should be taken as evidence of legislative intent not to guarantee minimum payments to other employees. See, e.g., *Grenafege* v. *Department of Employment Security*, 134 Vt. at 290, 357 A.2d at 120 (employing the precept of *expressio unius est exclusio alterius*).

While we may feel compassion for plaintiff's unfortunate circumstances, we find nothing in either the record or the relevant law which would authorize this Court to overturn the Retirement Board's decision. "If a statute seems unfair or unjust the remedy must be sought in a legislative change or modification. It cannot be furnished by judicial action in the guise of interpretation." *Quinn* v. *Pate*, 124 Vt. 121, 127, 197 A.2d 795, 799 (1964) (citing

*State* v. *Mahoney*, 122 Vt. 456, 176 A.2d 747 (1961)). We conclude that the Board acted within the bounds of its discretion, and this Court will not interfere with the legislatively established process.

*Affirmed.*