Orland CAMPBELL, Jr.
v. MANCHESTER BOARD OF SCHOOL DIRECTORS

[565 A.2d 1318]

No. 89-077

July 14, 1989. Appellee Manchester Board of School Directors, relying on *Mason v. Thetford School Board*, 142 Vt. 495, 457 A.2d 647 (1983), has moved to dismiss this appeal on the ground that the order of the Board of Education from which the appeal was taken is final under the express terms of 16 V.S.A. § 828 and is therefore not subject to review by this Court.

*Mason* involved 16 V.S.A. § 827, which provides that a school district

not maintaining an approved high school may designate a private school as the district's high school; the district must then pay its students' tuitions to the approved school. § 827(b). In *Mason*, one student's parents requested the district to pay tuition on their child's behalf to another approved school pursuant to § 827(c). The school board denied that request under § 827(d), which provides that the board may pay such tuition to another approved school if *in its judgment* the student's interests are best served in so doing. Thus, we stated that "there is no absolute right to appellate review of administrative decisions." *Mason*, 142 Vt. at 498, 457 A.2d at 649 (emphasis added).

The case before us does not, however, involve an administrative decision. Instead, the issues raised involve constitutional and legal precepts to the extent that the school board, and the Board of Education on review, was apparently acting in a judicial or quasi-judicial function in deciding them.

In *Lewis v. Holden*, 118 Vt. 59, 61–62, 99 A.2d 758, 760 (1953), and *Town School District of Maidstone v. Dempsey*, 103 Vt. 481, 485–86, 156 A. 387, 389 (1931), we held that an otherwise final decision may be amenable to review by writ of certiorari in this Court where the decision was made by one acting in a judicial or quasi-judicial position. Since we conclude that the decision of the Board of Education in this case was of a judicial rather than administrative nature, these cases, not *Mason*, are the governing authorities.

Under *Lewis* and *Dempsey*, the proper route for relief by a party aggrieved by such a decision is to file a petition for certiorari. Therefore, appellee's motion to dismiss this appeal, brought under 3 V.S.A. § 815, is granted.

Appellant's motion for suspension of the rules under V.R.A.P. 2 and for the Court to accept the case as a petition for extraordinary relief in the nature of certiorari, V.R.A.P. 21, is denied in that he has failed to demonstrate that there is no adequate remedy through similar proceedings in the superior court.

### ON MOTION FOR REARGUMENT

August 3, 1989. Appellant Orland Campbell, Jr.'s motion for reargument is granted to the extent of amending the entry order issued on July 14, 1989 to delete the last paragraph and replace it with the following paragraph:

Appellant's motion for suspension of the rules under V.R.A.P. 2 is granted to the extent that the notice of appeal filed with this Court shall be considered a petition for extraordinary relief, and as such is remanded to the Washington Superior Court for consideration under V.R.C.P. 75.