Sandgate School District v. Larson, No. 271-9-03 Bncv (Wesley, J., Nov. 19, 2003)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


## STATE OF VERMONT
## BENNINGTON COUNTY, ss.

| | |
|---|---|
| **Sandgate School District,** | &#124; |
| **Plaintiff,** | &#124; |
| | &#124; |
| **v.** | &#124; **BENNINGTON SUPERIOR COURT** |
| | &#124; **DOCKET NO. 271-9-03 Bncv** |
| **David Larsen, Commissioner** | &#124; |
| **of Education, and Allen Watts,** | &#124; |
| **Defendant.** | &#124; |

## ORDER ON MOTION TO DISMISS

Sandgate School District seeks review of the determination by the Commissioner of

Education that Defendant Allen Watts' son was a resident of Sandgate for the purpose of

determining his eligibility for tuition payments to Burr & Burton Academy. The Commissioner

of Education, relying on Hunt v. Village of Bristol, 159 Vt. 439 (1992), moves to dismiss this

appeal on the ground that the order of the Department of Education from which the appeal was

taken is final under the express terms of 16 V.S.A. § 1075 and is therefore not subject to review

by this Court.

Sandgate School District has invoked the jurisdiction of the superior court under

V.R.C.P. 75, which provides, in pertinent part that:

> (a) Any action or failure to act by an agency of the state ... including any ... board
> ... that is not appealable under Rule 74 may be reviewed in accordance with this
> rule *if such review is otherwise available by law*. (Emphasis added).

In determining the availability of review under Rule 75, the Commissioner directs the

Court to 16 V.S.A. § 1075(b), which provides: "Any interested person or taxpayer who is

dissatisfied with the decision of the board as to the pupil's legal residence may appeal to the commissioner of education, who shall determine the pupil's legal residence, and *the decision of the commissioner shall be final*." (Emphasis added).

In Hunt, the Supreme Court reversed the trial court's determination that judicial review was unavailable to the former police chief of Bristol, who sought to contest his dismissal. Notwithstanding the absence of any explicit statutory authorization for such review, the Court concluded that Rule 75 review was "otherwise authorized by law" because the relief requested was in the nature of review formerly available pursuant to a petition for a *writ of certiorari*.  The Commissioner relies on a portion of the discussion in Hunt, in which the Court observes that when the Legislature has failed to specify a particular mode of judicial review, but has declared that "an action of a tribunal shall be final", then "review [under Rule 75] is not available by law". Hunt, 159 Vt.. at 439-40 (quoting Mason v. Thetford School Board, 142 Vt. 495, 498-99 (1983) ("language of finality ... precludes appeal even where it might otherwise be available").

The Commissioner's reliance on the *dicta* in Hunt regarding finality is unavailing in the face of direct authority authorizing judicial review of decisions determining residence for the purpose of school tuition.  In Lewis v. Holden, 118 Vt. 59, 61-62 (1953), and Town School District of Maidstone v. Dempsey, 103 Vt. 481, 485-86, (1931), referenced by Sandgate,  the Vermont Supreme Court held "that an otherwise final decision may be amenable to review by writ of certiorari where the decision was made by one acting in a judicial or quasi-judicial position".  Campbell v. Manchester Board of School Directors, 152 Vt. 643, 644 (1989).  As noted in Campbell, while the language of finality may be conclusive of purely discretionary administrative determinations, Mason, 142 at 498 (board may approve payment of tuition to other than the district's designated private school *in its judgment),* it will not preclude review of

decisions that are based on statutory or constitutional interpretation. Since the Court concludes that the decision of the Commissioner in this case was of a judicial rather than administrative nature, review in the nature of *certiorari* is appropriate under Rule 75.[1]

### ORDER

For the foregoing reasons, the commissioner's motion to dismiss the appeal is **DENIED**.

Dated at Bennington, County of Bennington and State of Vermont, November ___, 2003.

_____
John P. Wesley
Presiding Judge

---

[1] It is doubtful that such review encompasses the request for a jury trial made in the Town's complaint. Rather, as indicated in <u>Hunt</u>,

> the scope of review under a writ of *certiorari* is analogized to something like ordinary appellate review or writ of error. Errors of law in the proceedings affecting the merits are for consideration. This includes evidentiary points only insofar as they may be examined to determine whether there is any competent evidence to justify the adjudication, much as in the case of a motion for directed verdict. Discretionary rulings may be set aside only for abuse and the judgment is not reviewable on the merits...Under this law, since the power exercised here is quasi-judicial, both the legal quality of the action and the sufficiency of the supporting proof are reviewable.

<u>Hunt v. Town of Bristol</u>, 159 Vt. at 441, quoting <u>Royalton College, Inc. v. State Board of Education</u>, 127 Vt. 436, 447-48(1969).