*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2010-277/278/279/280/281

MARCH TERM, 2011

| | |
|---|---|
| Amon Sylvester | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Orleans Unit, |
| | } Civil Division |
| | } |
| Andrew Pallito, Commissioner, | } DOCKET NOS. 115-4-09, 105-4-09, |
| Department of Corrections | }         166-6-09, 171-6-09 & |
| |         172-6-09 Oscv |

Trial Judge: Edward J. Cashman

In the above-entitled causes, the Clerk will enter:

Plaintiff inmate appeals from decisions of the superior court, civil division, dismissing five complaints challenging various actions connected with his rehabilitative programming. We affirm.

Plaintiff is currently serving a sentence for domestic assault and lewd and lascivious behavior. In July 2008, when his minimum sentence expired, he was released on furlough. As a domestic abuse offender, plaintiff was required to complete the Intensive Domestic Abuse Program (IDAP) in the community. IDAP rules prohibited plaintiff from having contact with women without first obtaining approval from his probation officer and the IDAP treatment team. In December 2008, following a hearing, plaintiff's furlough status was revoked because he failed to report an intimate relationship with a woman, as required by his IDAP contract. After his furlough was revoked, plaintiff filed no less than thirteen complaints against the Department of Corrections (DOC) and the outside program provider, alleging various violations associated with the revocation of his furlough status. One of those complaints, which involved alleged due process violations at his furlough revocation hearing, reached this Court in July 2010 but was remanded to the trial court in September 2010 pursuant to the parties' stipulation. That complaint involves questions of law that are being reviewed separately from the cases consolidated here.

Five complaints are at issue in this appeal. Each one was filed pursuant to Vermont Rule of Civil Procedure 75, which permits review of administrative agency actions or a failure to act not reviewable under Civil Rule 74, "if such review is otherwise available by law." V.R.C.P. 75. The trial court dismissed each of these complaints in five separate decisions filed on July 12, 2010. In the first of the five complaints, filed on April 15, 2009, plaintiff contended that his progress review failed to reflect that he had permission to have female contact. He further contended that he did not feel safe in his group and that he was retaliated against for filing a grievance. The trial court dismissed the appeal for lack of subject matter jurisdiction. Noting that plaintiff had indicated his concern was obtaining reimbursement for expenses incurred in

attending his rehabilitation program, the court stated that nothing in the Department's regulations or the enabling statute permitted judicial review of a program dispute.

In the second complaint, filed less than two weeks after the first one, plaintiff alleged that the Department violated his due process rights by not allowing him contact with his children, given that a family court order permitted such contact. He noted that the Department's own regulations generally encourage contact between inmates and their children. He also alleged that the Department violated his civil rights by not allowing him contact with females. The court declined to intervene in rehabilitation program requirements, stating that restrictions on his contact with his children as a result of program requirements resulting from his inmate status were independent from, and not necessarily inconsistent with, any family court custody order that might be in place.

Plaintiff's third complaint, filed on June 10, 2009, alleged that one could infer his parole officer perjured herself at his furlough revocation hearing, apparently by not acknowledging that she knew plaintiff had been given permission to have contact with females. In dismissing this petition, the court stated that neither the governing DOC regulation nor the enabling statute provided for judicial review of this complaint.

The fourth complaint, filed on June 16, 2009, alleged that the Department violated its directive concerning access to the courts by not giving plaintiff sufficient time in the prison law library and by unduly restricting access to legal materials. The court dismissed this complaint because it raised issues about access to legal materials already pending in another of plaintiff's cases. The court also considered this filing with the already pending case. These cases remain pending.

Also on June 16, 2009, plaintiff filed another complaint alleging that the Department had failed to follow a particular DOC directive by not providing him with a plan concerning his responsibilities or with notice of his anticipated length of incarceration. The court noted that the directive explicitly indicated that it did not confer specific substantive or procedural rights upon an inmate subject to its provisions. The court also stated that nothing in the DOC's regulations or the enabling statute entitled plaintiff to judicial review of decisions concerning the administrative classification of inmates.

On behalf of plaintiff, the Prisoner's Rights Office has filed an appellate brief contending that the court erred by not reviewing the merits of the complaints under an abuse-of-discretion standard. Upon review of the record, we conclude that the trial court did not err in dismissing the complaints.

"We have held on many occasions that there is no absolute right to appellate review of administrative decisions." Mason v. Thetford Sch. Bd., 142 Vt. 495, 498 (1983). "In determining the availability of review under Rule 75 this Court looks to the applicable law in the substantive area governing the case." Id. at 497. Here, there is no statutory provision that plainly allows or precludes judicial review with respect to the issues raised by plaintiff. We disagree with the State that 28 V.S.A. § 102(c)(8), by giving the Commissioner of the Department of Corrections the authority to revise programming requirements as necessary, indicates a level of finality that precludes judicial review under all circumstances. See Vincent v. Vt. State Ret. Bd., 148 Vt. 531, 534 (1987) (concluding that statute authorizing retirement board to set payments "in such manner as [it] shall determine" did not demonstrate legislative intent to preclude judicial review, in contrast to statute providing that "decisions of the board

shall be final" (quotations omitted)); cf. 28 V.S.A. § 808(a)(8)(B) (providing that Commissioner's determination as to days earned toward furlough "shall be final").

"When, as here, legislation is silent on whether review is available, we have permitted appeal under Rule 75 so long as review would have been available under any one of the extraordinary writs, such as mandamus, scire facias, prohibition, quo warranto, and certiorari." Vt. State Emps.' Ass'n v. Vt. Criminal Justice Training Council, 167 Vt. 191, 195 (1997). Here, the only potentially applicable writ is mandamus. "Generally, the purpose of mandamus is to require a public officer to perform a simple and definite ministerial duty imposed by law. Thus, mandamus ordinarily is not available to compel discretionary decisions. The writ has been extended, however, to reach extreme abuses of discretion involving refusals to act or perform duties imposed by law." Id. (citations omitted); see State v. Forte, 159 Vt. 550, 556 (1993) (noting that use of mandamus has been liberalized "to reach extreme abuses of discretion"); see, e.g., In re Fairchild, 159 Vt. 125, 131 (1992) (affirming grant of writ of mandamus against zoning administrator who failed to respond to plaintiffs' demand for enforcement of zoning ordinance). We must strictly apply this rigorous standard in the context of Rule 75 challenges to prison programming because of DOC's legislatively conferred authority to oversee such programming. See 28 V.S.A. § 102(b)(2), (c)(3), (c)(4), (c)(8); King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220 (stating that, in reviewing administrative action by DOC under Rule 75, "we will not interfere with DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority").

Here, the trial court did not err in dismissing plaintiff's complaints because plaintiff failed to allege circumstances indicating an extreme or arbitrary abuse of discretion amounting to a failure to act. Plaintiff claims that incorrect discretionary decisions were made based on alleged shortcomings or inappropriate actions of certain individuals or entities, but does not allege either a complete failure to fulfill a duty imposed by law or an extreme abuse of discretion amounting to a failure to act with respect to such a duty. See Forte, 159 Vt. at 559 (noting that mandamus relief "must be clearly proved" and concluding that defendant failed to show that trial court's actions in granting new trial presented the kind of unusual circumstances warranting mandamus relief (quotation omitted)). As we stated in Nash v. Cotton, this Court is ill-suited to micromanage prison programming. 155 Vt. 336, 339-40 (1990). As for plaintiff's claim under Chapter I, Article 4, of the Vermont Constitution, that claim was not properly preserved.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

3