*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-316

JANUARY TERM, 2012

| | |
|---|---|
| David R. Holcomb | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew Pallito | } DOCKET NO. S0581-10-Cnc |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the superior court's dismissal of his complaint seeking review of the Department of Correction's programming decision. We affirm.

Plaintiff is an inmate incarcerated on a burglary conviction. The Department required plaintiff to participate and successfully complete the Cognitive Self Change program designed for violent offenders. Plaintiff challenged the Department's programming decision, contending that he had not been convicted of a violent crime and did not meet the criteria for the program. He asserted that the decision had been based upon unfounded and untrue information. After exhausting his administrative remedies, plaintiff filed a complaint under Vermont Rule of Civil Procedure 75 in the superior court seeking review of the Department's programming decision. The parties cross-moved for summary judgment, and the court responded by asking the parties to submit memoranda on the relevance of our recent decision in Rheaume v. Pallito, 2011 VT 72. Following submission of the memoranda, the court dismissed the complaint, ruling that Rheaume was controlling precedent that precluded the court from exercising its jurisdiction to review the Department's programming decision. On appeal, plaintiff argues that (1) the Department may not use unfounded and untrue information in making a classification decision that requires him to complete a specified program for which he does not meet the applicable criteria; and (2) he is entitled to judicial review of the Department's decision under Rule 75.

We address the second and more central question first. "[T]here is no absolute right to appellate review of administrative decisions." Mason v. Thetford Sch. Bd., 142 Vt. 495, 498 (1983). Rule 75(a) allows judicial review of governmental administrative decisions "if such review is otherwise available by law." In Rheaume, after considering the extraordinary writs available at common law, we held that an inmate may seek judicial review under Rule 75 to challenge his classification as a "high risk" sex offender, insofar as such review is expressly granted under 13 V.S.A. § 5411b, but that "the particular programming requirements promulgated after that designation becomes final are a matter of DOC discretion and as such are nonreviewable under Rule 75." 2011 VT 72, ¶ 11; see 28 V.S.A. § 102(b)(2) (charging Department with exercising supervisory power to establish and administer programs for treatment of inmates); 28 V.S.A. § 102(c)(8) (charging Department with classifying inmates and

establishing and reviewing a program for each inmate). Here, in contrast to Rheaume, there is no statutory authority for reviewing a decision to place an inmate in programming aimed at rehabilitating violent offenders. Absent such statutory authority, as we held in Rheaume, Rule 75 does not provide judicial review for the Department's particular programming requirements.

Plaintiff argues, however, that denying review in this instance violates his right to due process, as held in Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997) (finding due process violation where inmate, who had not been convicted of sex offense, was given no opportunity to challenge his sex offender classification and mandated participation in program necessary for parole eligibility). We find this argument unavailing. Indeed, as the court stated in Shimoda, the liberty interest in that case was not implicated "merely" because of "the requirement that sex offenders complete the specified treatment." 131 F.3d at 830. According to the court, "[i]f that were all that was at stake, we could probably not say that a liberty interest had been created, given the fact that prisons frequently maintain treatment and behavioral modification programs . . . that have long withstood legal challenge." Id. Rather, the liberty interest in Shimoda resulted principally from "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility." Id. Here, there is no such stigmatizing label, and thus the superior court did not err in ruling that plaintiff could not seek judicial review of the Department's programming decision under Rule 75.

Finally, Plaintiff argues that the trial court's holding is incompatible with our decision in King v. Gorczyk, 2003 VT 34, 175 Vt. 220. In that case, we noted that in reviewing an inmate disciplinary action by the Department of Corrections under Rule 75 this Court "will not interfere with DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority." Plaintiff conflates the question of whether he is entitled to Rule 75 judicial review of the Department's programming requirements with the standard of review that applies if a court does have authority to review the Department's actions. Because Rule 75 does not provide judicial review for the Department's programming decisions, the language relied upon by plaintiff describing the standard of review of administrative action when judicial review is available does not apply.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice