*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-375

MARCH TERM, 2013

| | |
|---|---|
| Jermaine Holder | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Andrew Pallito | } DOCKET NO. 228-4-12 Frcv |

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Plaintiff filed suit against the Department of Corrections (DOC) seeking an injunction mandating his placement at work camp and requiring the DOC to reclassify him as a Level A offender. The trial court dismissed his complaint, and plaintiff appeals. Because we conclude that the DOC's decisions were not subject to court review, we affirm the dismissal in part, and remand.

Plaintiff is an inmate under the supervision of the DOC. He is serving a three-to-ten year sentence following convictions for attempted assault, robbery and resisting arrest. The DOC classified him as a Level B offender and denied him placement at work camp. In April 2012, he filed a pro se complaint against the Commissioner of the DOC claiming that the DOC had discriminated against him in denying him the right to go to work camp, and that DOC had wrongly classified him as a violent offender. He alleged that other individuals in a situation similar to his own were in work camp and the DOC's denial of work camp amounted to discrimination. The Commissioner moved to dismiss for failure to state a claim, arguing that the DOC's decisions regarding work camp and plaintiff's classification were matters within the DOC's discretion and not reviewable by a court. The DOC also claimed that plaintiff's complaint was barred by res judicata since plaintiff had previously sued over his failure to be admitted to work camp and the court had entered judgment in DOC's favor in that case due to plaintiff's failure to exhaust his administrative remedies.

The court granted the motion to dismiss. The court noted that plaintiff's case was essentially the same as the one previously brought and dismissed. The court further concluded that the DOC had discretion to make decisions regarding eligibility for work camp and that such decision was not reviewable. Plaintiff appeals.

On appeal, plaintiff argues that the DOC misclassified him because his offenses are not violent and that under DOC policy he is entitled to participation in work camp. Plaintiff also asserts that his rights to equal protection and common benefits under the Federal and Vermont Constitutions are being denied because other similarly situated inmates have been admitted to work camp.

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when there exist no facts or circumstances that would entitle the plaintiff to relief. Richards v. Town of Norwich, 169 Vt. 44, 48 (1999). On appeal from a dismissal for failure to state a claim, this Court assumes that all factual allegations in the complaint are true and accepts all reasonable inferences that may be derived from the pleadings. Id. at 48-49.

The State contends that plaintiff's case should be dismissed for failure to exhaust administrative remedies. The State points to the prior case in which plaintiff's similar allegations were dismissed for failure to exhaust administrative remedies and alleges that the sixty days that elapsed between that dismissal and the filing of this case were insufficient to exhaust the DOC's administrative procedures. In the context of a motion to dismiss and without more to demonstrate that plaintiff has failed to exhaust his administrative remedies, we conclude that there is an insufficient record to dismiss on this basis.

Thus, we turn to the substantive basis of plaintiff's complaint. Plaintiff's complaint listed Vermont Rule of Civil Procedure 65 and requested an injunction against the DOC. "An injunction is generally regarded as an extraordinary remedy and will not be granted routinely unless the right to relief is clear." Comm. to Save the Bishop's House v. Med. Ctr. Hosp. of Vt., Inc., 136 Vt. 213, 218 (1978).

Plaintiff's complaint did not state the underlying basis for his request for relief based on statute or rule of DOC. The Legislature has not provided a statutory right of review for DOC's decisions regarding inmate classification or work camp eligibility; therefore the only avenue for plaintiff to seek court review would be through Vermont Rule of Civil Procedure 75. Rule 75 allows judicial review of governmental administrative decisions "if such review is otherwise available by law." V.R.C.P. 75(a). The scope of Rule 75 is limited, however, and "[w]e have held on many occasions that there is no absolute right to appellate review of administrative decisions." Mason v. Thetford Sch. Bd., 142 Vt. 495, 498 (1983). "In determining the availability of review under Rule 75 this Court looks to the applicable law in the substantive area governing the case." Id. at 497. Because Rule 75 represents "the modern equivalent of extraordinary relief by mandamus or certiorari," there is no right to review where it would not otherwise fall into the scope of one of these writs. In re Town of Bennington, 161 Vt. 573, 573-74 (1993) (mem.).

In Rheaume v. Pallito, after considering the extraordinary writs available at common law, we held that an inmate may challenge his classification as a "high risk" sex offender, insofar as such review is expressly granted under 13 V.S.A. § 5411b, but that "the particular programming requirements promulgated after that designation becomes final are a matter of DOC discretion and as such are nonreviewable under Rule 75." 2011 VT 72, ¶ 11, 190 Vt. 245; see 28 V.S.A. § 102(b)(2) (charging DOC with exercising supervisory power to establish and administer programs for treatment of inmates); id. § 102(c)(8) (granting DOC responsibility of classifying inmates and establishing and reviewing a program for each inmate). Because the programming decision "falls within the broad discretion of the DOC to determine what mode of treatment best serves individual inmates," it is not a quasi-judicial act reviewable under Rule 75. 2011 VT 72, ¶ 11.

The DOC has authority to determine the work camp eligibility and inmate classification decisions at issue here. See 28 V.S.A. § 102(b)(2), (c)(8); id. § 102(c)(18) (granting DOC responsibility of establishing work programs for inmates). These decisions are entirely discretionary. "Considerations behind such classifications are peculiarly within the province and professional expertise of prison officials, and courts should ordinarily defer to their expert

judgment in such matters." <u>Parker v. Gorczyk</u>, 170 Vt. 263, 277 (1999). Thus, review through Rule 75 in the nature of mandamus is not available because mandamus "is not available to compel discretionary decisions." <u>Vt. State Employees' Ass'n v. Vt. Criminal Justice Training Council</u>, 167 Vt. 191, 195 (1997). In addition, review is not available in the nature of certiorari because neither decision was judicial or quasi-judicial in nature. Therefore, as in <u>Rheaume</u>, there is no judicial review of the DOC's decisions made under the statutes and DOC rules and policies, and Rule 75 is unavailable because the decisions are entirely discretionary and not judicial or quasi-judicial in nature.

In his complaint, plaintiff also asserted state and federal constitutional claims related to the denial of access to the work camp, asserting that he was denied work camp due to racial discrimination. In response to the State's motion to dismiss, plaintiff elaborated that he was denied equal protection of the laws, that the DOC unconstitutionally racially discriminated against him and that he was entitled to extraordinary relief and an injunction on that basis. See <u>In re Town Highway No. 20</u>, 2012 VT 17, ¶ 47 n.5, 191 Vt. 231 (explaining that injunctive relief may be adequate to address constitutional violations). The State's motion to dismiss did not provide a substantive basis to dismiss these constitutional claims. Indeed, the State did not separately address these claims, essentially asserting that they were also unavailable in a Rule 75 proceeding.

We have routinely addressed constitutional non-damage claims in extraordinary relief proceedings. See, e.g., <u>In re Search Warrant</u>, 2012 VT 102. We may also have jurisdiction under 42 U.S.C. § 1983. It was error to dismiss the constitutional claims on a motion to dismiss.

<u>Remanded for further proceedings on plaintiff's constitutional claim</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

3