**PILAT, Plaintiff-Appellant, v. BUREAU OF UNEMPLOYMENT COMPENSATION, BOARD OF REVIEW, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7672. Decided January 19, 1953.

Francis X. Schwegmann, Cincinnati, for plaintiff-appellant.

C. William O'Neill, Atty. Genl., William A. Banks, Asst. Atty Genl., Columbus, for defendant-appellee.

## OPINION

By THE COURT:

The plaintiff seeks to recover unemployment compensation from the defendant. In his application to determine the benefits and rights, he alleged that his last employer was Friars Club, and the nature of his work was that of pin-boy in its bowling alley.

The record shows that applicant had been previously employed by Central Turners and had filed an application for, and been allowed compensation after severance of that employment.

The record fails to show that Friars Club conforms to the definition of an employer as that term is defined in §1345-1 GC.

The administrator disallowed the claim on the ground that the claimant had not earned wages with an employer covered by the Ohio Unemployment Compensation Act since the date of his previously allowed application. On appeal, the referee at first concluded that compensation should be allowed, but within ten days thereafter, and within the time within which an appeal could be taken under §1346-4 GC. reversed his decision and affirmed the administrator's decision disallowing the claim.

On appeal to the Board of Appeals, that Board affirmed the decision, disallowing the claim. In reaching this conclusion, the Board states that "there is no dispute in regard to the Friars' Club not being a covered employer" as that term is defined in §1345-1 GC. That left only the question of the meaning of "Wages" as that term is defined in the same section.

The Board reached the conclusion that "Wages" meant compensation paid by a covered employer, which, we think, was a correct conclusion.

The Board then concluded that as the claimant had received no compensation from a covered employer since his employment by Central

Turners upon which he had based his prior application, he had not proven a case for, and was not entitled to an award.

We are of the opinion that the Court of Common Pleas did not err in affirming the decision of the Board of Review.

The judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS, J, concur.