## Chris E. Wetmore v. Robert G. Smith, Warden, Vermont State Prison

[298 A.2d 567]

No. 46-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Norris H. Hoyt, Jr., Esq.,* Norwich, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Charles A. Bristow,* Assistant Attorney General, for Defendant.

**Shangraw, C.J.** On July 7, 1971, Chris E. Wetmore, the petitioner, pleaded guilty in the District Court of Vermont,

Unit No. 1, Rutland Circuit, to breaking and entering in the nighttime and petty larceny. The court sentenced him to serve concurrent terms aggregating not less than fourteen nor more than twenty-six months in the St. Albans Correctional Facility at St. Albans, Vermont. A *mittimus* was issued directing appellant's confinement in the St. Albans facility.

On January 12, 1972, the appellant was transferred to the Vermont State Prison at Windsor, Vermont, by order of the Commissioner of Corrections pursuant to 28 V.S.A. § 542.

On January 25, 1972, the petitioner filed a petition in the Windsor County Court for a writ of *habeas corpus*. The petition alleged that the transfer from St. Albans to Windsor was illegal and sought an order releasing him from the Vermont State Prison, or in the alternative, an order that he be returned to the facility at St. Albans, Vermont.

On February 26, 1972, a hearing was held before the Windsor County Court on the petition for *habeas corpus*. The following day the court made its Findings of Fact and issued an order denying the petition. In its denial of the petition, the court determined, by way of conclusions, that the petitioner was lawfully confined at the Vermont State Prison, and that by reason of petitioner's repeated requests for such transfer and the discussions with him by the officials of the facility at St. Albans, he was granted, provided, and afforded all constitutional rights. From such denial an appeal was taken to this Court for review by Chris E. Wetmore.

Following a recitation of the issuance of the *mittimus* confining petitioner in the St. Albans Correctional Facility, and his subsequent transfer to the Vermont State Prison, the Findings of the Windsor County Court reveal the following facts.

While committed in the St. Albans facility, petitioner made little or no progress towards rehabilitation, and was a continually disruptive influence at the institution. After his commitment to the facility at St. Albans, petitioner intermittently requested to be transferred to the Vermont State Prison.

Upon petitioner's return from a weekend pass on January 10, 1972, the assistant superintendent of the St. Albans Correctional Facility talked with him and advised the peti-

tioner that in order for him to receive further rehabilitation and treatment, and to protect him from undue pressures and temptations, a more structured environment was necessary rather than the open type of institution like the St. Albans facility. At the time of this discussion the plaintiff made no comment nor did he request a further hearing in regard to the proposed transfer to the Vermont State Prison. He was not asked whether or not he desired a hearing regarding the transfer.

The court found that the superintendent of the St. Albans Correctional Facility, as well as the assistant superintendent, were at the time of the transfer, and are still of the opinion, that in order to rehabilitate and treat Mr. Wetmore a structured environment such as is afforded at the State Prison was required.

Subsequent to the decision in this case by the Windsor County Court, petitioner filed collateral proceedings under the post-conviction statute, 13 V.S.A. §§ 7131–7135, in the Rutland County Court. In denying the requested relief, that court found that: (1) petitioner entered his plea of guilty voluntarily and with no reservation; (2) petitioner was aware that his sentence would be subject to the transfer authority of the Commissioner of Corrections; and (3) the plea bargain entered into was fully performed by the state's attorney. The court held, therefore, that petitioner could not maintain a cause of action on either a breach of a pretrial agreement or consequent sentencing, and that his constitutional rights under the Fifth and Seventh Amendments of the United States Constitution or under the Tenth Amendment of the Vermont Constitution had not been violated. No appeal was taken by the petitioner from the foregoing determination made by the Rutland County Court.

At the hearing before the Windsor County Court the petitioner attempted to introduce the transcript revealing the circumstances surrounding his change of plea and sentencing before the District Court of Vermont at Rutland, Vermont. Its admission was denied by the trial court.

■ On appeal he now claims that the transcript of the change of plea and sentencing would have tended to show

that the petitioner changed his plea from not guilty to guilty in reliance upon a promise of the prosecutor that he would recommend that petitioner be sentenced to St. Albans.

By the rejection of the transcript, petitioner claims error, citing *Santobello* v. *New York*, 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495 (1971). In the *Santobello* case, *supra*, the Court accorded official recognition and sanction to "plea bargaining" and therein admonished prosecuting attorneys by stating:

> ". . . a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In dealing with the petitioner's first assignment of error he had his day in court on this issue at the time of the hearing before the Rutland County Court where he sought post-conviction relief. He again attempted to present the same issue in this proceeding. The Rutland County Court determined that the plea bargain made in the District Court was fully performed by the state's attorney. The right of appeal from that determination was not exercised.

The issue presented and passed upon in the *Santobello* case, *supra*, upon which petitioner relies, is not properly before this Court. *Santobello* has no application here in the present posture of this case.

This Court, as the record stands, cannot review the matter relating to the alleged pretrial agreement. To preserve this right an appeal should have been taken from the determination made by the Rutland County Court. Moreover, it is sufficient to say that petitioner has no cause to complain in that he was initially committed to the St. Albans Correctional Facility and in all likelihood would have continued to serve his sentence there had he been responsive to the treatment afforded by that facility. Petitioner cannot prevail on his asserted claim that the rejection of the transcript in question was error.

Petitioner next claims that his transfer from the St. Albans facility to State Prison was not made in accordance with the

Vermont Statutes. At the time of the transfer 28 V.S.A. § 542 was then in force and effect. This statute authorized such transfer for "evaluation, treatment and rehabilitation." Act No. 199 of the 1972 Adjourned Session of the General Assembly [now 28 V.S.A. § 102(b)(5)] repealed § 542, effective July 1, 1972. Under the new statute, the Commissioner of Corrections is now permitted to transfer inmates committed to one correctional facility to another without having to specify any cause or purpose for the transfer.

More specifically, it is petitioner's contention that his transfer from St. Albans to Windsor was not made for the purposes of "treatment and rehabilitation" but only because his conduct was "disruptive" at St. Albans and that the transfer was made to "get rid of him." We now briefly refer to excerpts from testimony introduced at the hearing before the Windsor County Court.

Paul Davallou, Assistant Superintendent and Director of Treatment at the St. Albans Correctional Facility and holder of B.A. and M.A. in psychology, testified, in part, as follows:

"In Mr. Wetmore's case, our facility deals essentially with passive, fairly youthful offenders who have some inclinations and some possible minimal desire to change. Mr. Wetmore, in my conversations with him, indicated on numerous occasions that he had a certain—he used the word 'investment' in his lifestyle, and had no desire to partake in our program and since it was an open facility, we had no way of bringing about any anxiety in Mr. Wetmore, and in terms of wishing to bring about a change in his behaviour, the treatment at the prison, he needs a structured environment. This is the only place we have.

A person like Mr. Wetmore may very well benefit from an abrasive, structured, cement facility than the warm environment that is pleasant and complete. There is no strain, no anxiety and he can play his little games."

The opinion of Mr. Davallou that petitioner be transferred to Windsor was concurred in by John Whitcomb, Superintendent of the St. Albans facility. Mr. Whitcomb testified that at the prison Mr. Wetmore "will be getting some kind

of vocational type of training that he might need. He will also have the security of the prison so that in turn, temptations of the outside are not there and they will be able to work on his behavior." Mr. Whitcomb further added, "I believe Christopher Wetmore, who is asking to go to Windsor should be in Windsor and benefit from it."

Edward McAllister, a psychologist, with a bachelor degree from Dartmouth and a Ph.D. in criminal psychology from Cornell University, now employed by the Department of Corrections as the Superintendent of the Lakeside Residential Treatment Center in Burlington, Vermont, testified:

> "On the basis of what I heard today, sir, I would say that if a man is not making significant progress in a treatment setting, an open setting for as long as a period of six months, that it would probably be to his best advantage to be transferred to a more structured, less open treatment environment."

Robert G. Smith, Warden of the Vermont State Prison, testified that he had observed Mr. Wetmore regularly and that "He works in food service and I get over in that area and I'd say he was getting along very well."

██ Broad discretion must be granted to correctional authorities to determine what mode of treatment will best serve the individual inmate. *Baldwin* v. *Smith*, 446 F.2d 1043 (2d Cir. 1971). It is clear that close custody and a structured environment can often represent the optimum available treatment technique. *In re Peifer's Petition*, 193 Pa. Supr. 476, 166 A.2d 325, 327 (1960).

██ The record clearly shows a substantial basis upon which the Vermont correctional authorities made their reasonable determination that petitioner's treatment and eventual rehabilitation would be better served by the close custody available at the Vermont State Prison. The record also demonstrates that the determination to transfer in this case was neither "arbitrary or capricious" nor an abuse of statutory authority.

Lastly, it is the contention of the petitioner that by the transfer to the prison at Windsor he was denied due process of law in that he was neither furnished with a written statement of the reasons for his transfer, nor afforded an opportunity to be heard in opposition thereto.

■ The petitioner did not adjust to the program and the environment at the St. Albans facility. The transfer to and confinement in the State Prison was not made for punitive purposes, but, on the contrary, to afford the petitioner a better opportunity for rehabilitation and treatment in the structured environment at Windsor. Petitioner repeatedly requested the officials at St. Albans for the very transfer to Windsor which eventually occurred. Here, the express wishes of the petitioner to be transferred and the action taken by the correctional officials are completely in accord. In such circumstances there was no denial of due process.

Under the facts presented, the Commissioner of Corrections was authorized to transfer Chris E. Wetmore from the St. Albans Correctional Facility to the State Prison under the provisions of 28 V.S.A. § 542. The lower court's order dismissing the petition for a writ of *habeas corpus* should be affirmed.

*Affirmed.*