## James P. Grenafege v. Department of Employment Security

[357 A.2d 118]

No. 274-75

Present: **Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed April 6, 1976

*Dorsch & Hertz*, Brattleboro, for Plaintiff.

*Raymond S. Fitzpatrick*, Montpelier, for Defendant.

**Larrow, J.** Claimant Grenafege appeals from the decision of the Employment Security Board fixing the amount of his weekly unemployment benefits. His entitlement to benefits is not in question. The Board has certified two questions involved. Presented by those questions are the issues of whether

the computation of a weekly benefit amount may include wages earned by a claimant during his base period from employing units not subject to the act, or from excluded employment under 21 V.S.A. § 1301(6)(C). We are at a loss to understand why the first question, involving employing units not subject to the act, was certified by the Board, because the employment involved factually was with a public school not an institution of higher learning, excluded employment under 21 V.S.A. § 1301(6)(C)(vii)(c), rather than with an employer whose activities are not extensive enough to bring it within § 1301(5). But the parties have treated the issues as substantially identical. We agree that they are, and will also so treat them.

A claimant's base period, upon which his benefits are computed, is the fifty-two week period preceding his benefit year. 21 V.S.A. § 1301(17). Subject to the maximum, his weekly benefit is one-half his average weekly wage for the twenty highest weeks in his base period. 21 V.S.A. § 1338(c). This subsection makes no reference to subject employment, while the preceding subsection, § 1338(b), relating to qualification for benefits generally, specifies "at least twenty weeks of work at wages of at least $30.00 per week *in subject employment* in his base period." (Emphasis supplied.) The parties agree that the claimant is qualified under § 1338(b) because he had more than twenty weeks employment at the required wage while working in subject employment. The controversy before us arises from the fact that he also had, during his base period, at the public school which is excluded employment, wages at a rate substantially higher than those he received in subject employment. His claim, denied by the Board, is that these higher wages should be used in computing the average of his twenty highest weeks which determines his weekly benefit.

As far as we can determine, this is a case of first impression. Appellant admits this, while the appellee cites *Pilat* v. *Bureau of Unemployment Compensation*, 56 Ohio Op. 160, 128 N.E.2d 450 (Ct.App. 1953) as supporting its contentions. A review of that decision reveals that it did not deal with the question here under consideration, but with the question of eligibility for benefits. It held that, for that purpose, "wages" meant earnings in subject employment. In the present case, no

one disputes that point or the eligibility of the claimant. We must resort to construction of our own statute.

Certain principles, in general, have been held to apply to statutory construction. Various articles and treatises deal with the subject. We have recognized that where the meaning of words is clear and not ambiguous, we must construe them in their ordinary sense. *State* v. *Goyet*, 120 Vt. 12, 66, 132 A.2d 623 (1957). We also consider that the statute here in question, as remedial legislation, is to be construed liberally in favor of the claimant. *In re Therrien*, 132 Vt. 535, 325 A.2d 357 (1974). And, while we give weight to administrative construction, only the legislative intent as expressed in the language of the statute is binding upon us. *Reed* v. *Rosenfield*, 115 Vt. 76, 51 A.2d 189 (1947). This is, and should be, particularly true with respect to the provisions of the unemployment compensation law, since, because of the usually straitened circumstances of claimant and the relatively small amounts involved, resort to appeal to this Court was necessarily infrequent prior to the availability of legal aid services. Abiding by administrative decision was, in most instances, the result only of financial compulsion.

With these general considerations in mind, together with the time-honored precept of "expressio unius est exclusio alterius," a general review of the statute leads us to the conclusion that, simply put, where the Legislature meant "wages" to mean those earned in subject employment it said so, and that where it did not say so it intended no such restriction. Thus, in 21 V.S.A. § 1321, relating to employer contributions, it used "employer" in its defined meaning in 21 V.S.A. § 1301(5) as those subject to the act and not excluded. In § 1322, relating to reports to the commissioner, it also relies on the statutory definition. In § 1325, relating to experience ratings, it does the same, and expressly refers to a "subject employer." The statutory definition of "wages", the term here in dispute, refers to "all remuneration" without restriction to subject employment. 21 V.S.A. § 1301(12). And, of primary significance, § 1338(b), just three lines ahead of the "average weekly wage" reference we are discussing as contained in § 1338(c), speaks of "wages . . . in subject employ-

ment." Ordinary principles of construction impel the conclusion contended for by appellant.

Moreover, the Board itself, construing the unqualified word "wages" in another context, holds, we think correctly, that under § 1338a(a), governing wages permitted to be earned during unemployment, the term means wages from any employer, subject or not. The interpretation it would urge on us for § 1338(c) is inconsistent with that position.

Appellee urges, however, in refutation of the above position, that it leads to an absurd result, citing several of our decided cases for the proposition that we will not employ such construction. We recognize that principle, and reaffirm it. We do not, however, agree that the result is absurd. What is claimed, in substance, is that our interpretation may well result in charging the account of a subject employer with greater benefits than would be justified by the wages it paid. That result does follow, but it is not unique under the law as written and administered. Under § 1325, the high benefits of a claimant employed at twice the maximum benefit amount during the first half of his base period ($182.00) would be charged against the experience rating of an employer who paid the claimant substantially less during the last half of his base period. The claimant would receive a weekly benefit of $91.00, charged against the experience rating of an employer who paid him much less than twice that amount. And, also under § 1325, benefits paid a claimant after a period of disqualification, or as a result of a cumpulsory retirement plan, are not charged against the experience rating of *any* employer, but against the fund. And, where no employer in the base period paid wages of $595.00, no employer, but the fund itself, is charged. Taken as a whole, the act is not predicated upon any mathematically exact relationship between wages paid by a subject employer and benefits awarded a claimant. The result which we here reach is not only not absurd, but not inconsistent.

We are fully aware that considerations of overall policy might well prompt a different statutory enactment. While such an enactment would certainly make the present statute less remedial in its purpose, appellee correctly points out that other state statutes embody its contention. Certainly the amendment of 21 V.S.A. § 1338(c) to speak of "average

weekly wage *in subject employment"* would be within the legislative province. If the legislative intent were as appellee contends, it would then be clearly expressed. We neither approve nor disapprove such amendment; that is not our function. We merely state that, without it, we cannot reach agreement with the decision below.

*The certified questions are answered in the affirmative, with the notation that inclusion of wages earned during the base period from nonsubject and excluded employers is mandated in computing the weekly benefit amounts of a qualified claimant under 21 V.S.A. 1338(c), rather than merely permissive. The September 23, 1975, decision of the Employment Security Board is vacated, and the cause remanded for determination of benefits in accordance with the views herein expressed.*