### Terry Shedrick v. Department of Social Welfare

### Catherine Cook v. Department of Social Welfare

### Cynthia Desrosiers v. Department of Social Welfare

[613 A.2d 692]

Nos. 90-301, 90-302 & 92-070

Present: **Allen, C.J., Gibson and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned**

Opinion Filed May 1, 1992

Motion for Reargument Denied June 18, 1992

*William R. Dysart, William J. O'Neill* and *Linda Shapiro*, Vermont Legal Aid, Inc., Burlington, for Plaintiffs-Appellees.

*Jeffrey L. Amestoy,* Attorney General, Montpelier, and *Christina Byrom* and *Donelle S. Staley,* Assistant Attorneys General, Waterbury, for Defendant-Appellant.

**Allen, C.J.** The Department of Social Welfare (DSW) appeals from three decisions of the Human Services Board declaring that, for food stamp eligibility purposes, a husband, wife and their minor children constitute a separate household from an adult child of one of the spouses living in the same household. We agree with DSW that the governing federal and state regulations are consistent with federal statute and that requiring the inclusion of adult children of a parent with minor children in the parent's food stamp household is consistent with the intent of Congress. We therefore reverse.

Appellee Terry Shedrick is a disabled food stamp recipient who resides with his wife and two of his wife's children, a

daughter of 16 and a 20-year-old son. DSW notified appellee that his food stamp benefits would terminate because he did not provide information regarding the earnings of his wife's son, who does not purchase and prepare food with the other household members.

Appellee Catherine Cook is a food stamp recipient who resides with her husband, two daughters, 19 and 15, and a granddaughter, 8, whose mother does not reside in the household. Appellee received food stamps based on a household of four: herself, her disabled husband, her minor daughter, and her minor granddaughter. Her 19-year-old daughter, who does not purchase and prepare food with the other household members, obtained a job, and DSW notified appellee that her monthly food stamp grant would be reduced from $197 to $126 and that she would be assessed for an overpayment of $974.

Appellee Cynthia Desrosiers is a food stamp recipient who resides with her son, 18, and her daughter, 15. Her son works, pays rent to his mother, but purchases and prepares his food separate from his mother and sister. DSW terminated appellee's monthly food stamp grant of $169 due to her failure to provide information regarding her son's earnings.

Each recipient appealed to the Board, asserting that the adult child constituted a separate household and was not required to be included in appellee's household under federal law and regulations. The Board agreed in all three cases, concluding that the applicable Vermont food stamp regulation, based on the identical language of the federal regulation,* was inconsistent with the 1987 amendment to § 2012(i) of the Food Stamp Act.

---

* 7 C.F.R. § 273.1(a)(2)(C) and its state counterpart, Vt. Food Stamp Manual § 273.1(a)(2)(C), state:

(a) Household definition

. . . .

(2) Special definition: (i) The following individuals living with others or groups of individuals living together *shall be* considered as customarily purchasing food and preparing meals together, even if they do not do so:

. . . .

(C) Parent(s) living with their natural, adopted or stepchild(ren) and such child(ren) living with such parent(s) unless at least one parent is elderly or disabled. . . .

The 1964 Food Stamp Act defined "household" to include any single individual who prepared his or her own meals using separate cooking facilities and nearly any group of individuals functioning as a single economic unit and sharing common cooking facilities. See 7 U.S.C. § 2012(e) (1964). In 1977 Congress amended the definition of "household" to require individuals or groups of individuals, related or not, who customarily purchased and prepared meals together to be treated as a single household. 7 U.S.C. § 2012(i) (1977). This definition of "household" allowed individuals, whether living alone or with others, to qualify as separate households if they customarily purchased food and prepared meals separately. In 1981 and 1982, in response to perceived abuses in the food stamp program, Congress again amended the Food Stamp Act, creating mandatory household designation in parent-child households and sibling households. The amendments provided that parents and children, or siblings, who live together shall be deemed to comprise a single household for food stamp purposes, regardless of whether the parent-child or sibling household purchased food or prepared meals separately or together, unless one of the parents or siblings was elderly or disabled. 7 U.S.C. § 2012(i) (1981, 1982). These amendments created an irrebuttable presumption that "parents and children, or siblings, who live together" purchase food and prepare meals together for home consumption. See *Robinson v. Block*, 869 F.2d 202, 211–12 (3d Cir. 1989). Under the 1981–82 amendments, then, parents would be compelled to include their nonminor children in their households for food stamp purposes.

Congress again amended the Food Stamp Act in 1987, creating the present definition of "household," which establishes a new exemption from the irrebuttable presumption created by the 1981–82 mandatory household composition provisions. The current definition of "household" in 7 U.S.C. § 2012(i) reads in part:

> "Household" means (1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others, (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption, or (3) *a parent of minor*

*children and that parent's children (notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with minor children) who customarily purchase food and prepare meals for home consumption separate from other persons,* . . . except that (other than as provided in clause (3)) parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so, unless one of the parents, or siblings, is an elderly or disabled member. . . . (Emphasis supplied.)

It is this new definition of "household" that is at the heart of the present controversy.

DSW argues that the phrase "a parent of minor children and that parent's children" distinguishes between "minor children" and "children" in general, who might be minors or adults. Read in that manner, the statute would mandate the inclusion of the adult child within a single food stamp household, thereby requiring consideration of that adult child's income in the food stamp determination. In *Shedrick* and *Desrosiers*, the failure to provide income information about the adult child would terminate eligibility. In *Cook*, including the adult child's income in the food stamp budget would reduce benefits significantly.

Appellees contend that the words "that parent's children" mean the children referred to earlier in the phrase, namely, "minor children." Under this interpretation, in *Shedrick* and *Desrosiers* the income of the son would not be included in the food stamp budget, since only the minor daughter would be included within the phrase in § 2012(i), "a parent of minor children and that parent's children." Similarly, in *Cook* only the recipient's 15-year-old daughter, and not her 19-year-old daughter, would be part of the food stamp household. The latter's income would not be factored into the food stamp budget calculation.

I.

Our task, in reviewing the Board's conclusion that the food stamp regulations are inconsistent with the statute, is to determine "whether Congress has directly spoken to the pre-

cise question at issue." *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842 (1984). "If the intent of Congress is clear, . . . the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842–43. On the other hand, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. Hence, interpretation of § 2012(i) is central to resolution of the instant appeals.

■ ■ The 1987 amendment to 7 U.S.C. § 2012(i) is not a model of clarity, but upon careful analysis, we find the construction urged by DSW to be correct. The language of the statute indicates that the drafters intended to distinguish between "children" and "minor children." In such proximity it is unlikely that the unmodified reference to "children" was intended to mean "minor children." The drafters could have used the phrase "such children" or repeated the words "minor children" to indicate that this second reference to children was intended to describe only minor children. We will not construe the statute to render a clear distinction meaningless. See *Town School Dist. of St. Johnsbury v. Town School Dist. of Topsham*, 122 Vt. 268, 272, 169 A.2d 352, 355 (1961) (it is presumed that all language is inserted in a statute advisedly).

■ Also supporting our construction is the language of the parenthetical phrase following the second reference to "children"— "(notwithstanding the presence in the home of any other persons, including parents and siblings of the parent with minor children)"—which omits reference to nonminor children of the parent with minor children. This omission supports the interpretation that such nonminor children are includible as children making up the household of the "parent of minor children and that parent's *children*." Appellees argue that the word "including" within this parenthetical clause is nonexclusive and indicates an intent to describe a larger group than just parents and siblings of the parent with minor children. See, e.g., *P.C. Pfeiffer Co. v. Ford*, 444 U.S. 69, 77 n.7 (1979). In the present context, however, there are no persons that could fit into the "larger group" other than nonminor children of parents with minor children. This implies that, despite the word "including," the notwithstanding clause applies solely to parents and sib-

lings of the parent with minor children. The inclusion of these two categories implies the exclusion of others. See *Grenafege v. Department of Empl. Security*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976) (under maxim of expressio unius est exclusio alterius, "wages" meant those earned in subject employment where Legislature so indicated, but such restriction did not apply where Legislature did not so indicate).

The 1987 amendments did not, then, alter the basic rule that "parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so, unless one of the parents, or siblings, is an elderly or disabled member." 7 U.S.C. § 2012(i). The change merely permits parents with minor children, and that parent's children to constitute a separate household despite the presence in the home of parents or siblings of the parent with minor children. Prior to the amendment, the presence of such persons would have precluded separate household status for the parent with minor children. We can find no language to support appellees' argument that a single family unit, absent an extended family situation, may divide into two separate households if one of the children is a nonminor. In such situations, there is no sibling or parent from which the family unit may separate.

The Department of Agriculture recognized this limitation to the exception when it promulgated regulations that provide only for the two cases that Congress intended to cover with its 1987 amendment to § 2012(i)—the three-generation household and the household where one of two or more siblings in the family has minor children. See 7 C.F.R. § 273.1(a)(2)(C) (last clause) and § 273.1(a)(2)(D) (last clause). The Department explained that the 1987 amendments to the Food Stamp Act allow a parent with minor children to live with his or her sibling or parent "and yet be considered a separate household." 52 Fed. Reg. 36392 (1987).

The regulatory amendments are not, as the Board concluded and appellees argue, inconsistent with the statute as we construe it. They simply make clear that separate household status is afforded to parents with minor children when the parents live with their parent(s) or sibling(s).

## II.

Appellees Shedrick and Cook make a second argument in support of the Board's decision, based on the last clause of the deeming provision of § 2012(i)("unless one of the parents, or siblings, is an elderly or disabled member"). The effect of the "unless" clause is to create an exception to "deeming" for an elderly or disabled recipient who, "while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others." 7 U.S.C. § 2012(i)(1). Appellees contend that since there is an elderly or disabled person in their subject households, the "unless" clause completely nullifies the "deeming" clause as applied to the food stamp households in question. As the adult child of a parent with minor children in both cases purchases food and prepares meals for home consumption separately from the rest of the household, elimination of the "deeming" provision would accomplish appellees' goal of allowing the adult child's income in each case to be excluded from the larger household for food stamp purposes.

We disagree. The "unless" clause can be read logically to exclude only elderly and disabled parents and siblings from the household. This reading is more consistent with the syntax of the clause and with the balance of § 2012(i)—which expressly exempts the elderly and disabled from the deeming provision—than the construction urged by appellees. Moreover, the language of the "unless" exception to the deeming clause focuses specifically on the elderly and disabled. We see no reason to stretch the plain words of the clause to yield additional benefits to the household on account of nonelderly and nondisabled adult children of parents with minor children, who are more likely to be income earners than their elderly or disabled relatives.

*Reversed.*