Kevin and Diane HOGAN v.
**DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES**

[727 A.2d 1242]

No. 97-441

October 20, 1998. Kevin and Diane Hogan appeal from a decision of the Vermont Human Services Board denying their application for federally-funded adoption assistance pursuant to 42 U.S.C. § 673(a). We agree with the Hogans that the Board erred in denying them benefits in connection with their adopted son based on a determination that the child was not eligible for federal Supplemental Security Income (SSI) benefits at the

---

because she was detained directly by the court with original jurisdiction.

time of his adoption. Accordingly, we reverse.

The relevant facts as found by the Board are not in dispute. The Hogans' adoptive son was born on April 30, 1991 and placed with the petitioners by a private adoption agency less than a month later. The child's birth mother relinquished her parental rights, and the Hogans instituted adoption proceedings before the probate court in Chittenden County in November 1991. The adoption was finalized on January 6, 1992. More than two years later, in the spring of 1994, a psychiatrist diagnosed the child as having "pervasive developmental disability," which the Board characterized as "akin to autism." The Board acknowledged that the child had displayed "disturbing symptoms" of his illness within six months of his birth, but it stressed that no neurological or developmental deficits were diagnosed until the child was nearly three years old.*

Although the Vermont Department of Social and Rehabilitation Services (SRS) had notified the private adoption agency about the availability of federally funded adoption assistance benefits under 42 U.S.C. § 673, no one made the Hogans aware of the program during the pendency of the adoption proceedings. The Hogans filed an application for the benefits on December 21, 1994. SRS denied the application, and the Board upheld this determination following an evidentiary hearing. The initial decision of the Board

was that a child could not be found retroactively eligible for adoption assistance and that, rather, there had to be a signed agreement between SRS and the Hogans in place at the time of adoption.

The Hogans' initial appeal to this Court was dismissed on the stipulation of the parties in February 1997 to permit the Board to reconsider its decision in light of written guidance received from the federal Department of Health and Human Services. Specifically, the federal agency advised that (1) the failure of a private adoption agency to notify adoptive parents of the existence of the adoption assistance program during the pendency of the adoption is sufficient grounds for requiring the administering state agency to conduct a so-called "fair hearing" under 42 U.S.C. § 671(a)(12), and (2) a "special needs" child whose adoptive parents did not receive such notice from the adoption agency is still eligible to receive the adoption assistance benefits as long as the child "*meet[s]* the eligibility requirements" for SSI benefits. (Emphasis added.)

The Board conducted a second evidentiary hearing and, on September 2, 1997, again denied the Hogans' application on the merits. The Hogans claimed two alternative routes to eligibility, one of which required that they show that the child would have been eligible for Supplementary Security Income (SSI) because of disability at the time of adoption. See 42 U.S.C. § 673(a)(2)(A)(ii). The Board held that, although such a disability has since been diagnosed, "it cannot be concluded that *at the time of the adoption* the child could have been diagnosed as having a [qualifying] impairment." This appeal followed.

The circumstances before us are unique. Section 673(a) plainly contemplates that an application for adoption assistance benefits will normally be filed prior to the finalization of the adoption. We agree that the child's eligibility under

---

*The Hogans draw our attention to certain other factual assertions that appear to be undisputed but are not contained in the Board's findings. Specifically, they refer to the birth mother's significant history of substance abuse, its connection to the child's medical problems and the adoption agency's failure to inform them of the birth mother's problems prior to the adoption. While these contentions are compelling, we need not consider them in resolving the issues on appeal.

the statute must be determined based on the child's circumstances at that point in time. The question here is how to interpret the eligibility standards when, through no fault of their own, the adoptive parents were deprived of the opportunity to make an application at the proper time.

A careful examination of the position taken by SRS and the federal agency's interpretation as expressed in the letter triggering the previous remand reveals that the two views of the issue are fundamentally inconsistent with one another. If, as the federal Department of Health and Human Services advised SRS, the circumstances of this case justify a post-adoption application for benefits, then it follows that these circumstances also permit a post-adoption diagnosis of a condition that meets the SSI disability criteria to substitute for the normal pre-adoption diagnosis of such a condition. Otherwise, the remedy for the failure to inform the parents of the program would be illusory because the parents could not show what the diagnosis would have been if the child had been examined for this purpose at the time. As a simple matter of logic, mitigating the unfair deprivation of an opportunity to seek benefits is useless unless there is also a mitigation of the similar deprivation of an opportunity to build the requisite medical record.

The question thus becomes whether any deference is due the federal agency's interpretation, as expressed in its letter, as to how the statutory criteria apply in these circumstances. The statute itself obviously does not speak with any clarity to the situation, and thus recourse to an administrative interpretation, if based on a permissible construction of the provision, is appropriate. See *Shedrick v. Department of Social Welfare*, 158 Vt. 541, 545-46, 613 A.2d 692, 694 (1992) (citing *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842-43 (1984)). We defer to an administrative

agency's interpretation of its own statutes and rules but not to a state agency's interpretation of federal law where the state agency is charged with administering the federal program at the local level. See *Bacon v. Lascelles*, 165 Vt. 214, 218-19, 678 A.2d 902, 905 (1996).

In deferring to the federal agency's interpretation, we further note that the Board's reading of the statute is not required by its purposes. The purpose of the SSI program is to alleviate the financial hardship caused by old age, blindness or medically-determined disability. See 42 U.S.C. § 1381. That purpose does not depend on the timing of the medical determination. Indeed, had this case been a direct application to the Social Security Administration for SSI benefits rather than a situation in which SSI eligibility standards apply by analogy, the disability determination made after a hearing would be retroactive to the date deemed to have been the date of the initial application for benefits. See 20 C.F.R. §§ 416.335 (tying ultimate payment of SSI benefits to application filing date), 416.351 (providing for "[d]eemed filing date in a case of misinformation").

There is no question here that the Hogans' adoptive son met the disability requirements of the SSI program as of the date the Hogans sought adoption assistance benefits. Although there was no explicit finding to that effect from the Board, SRS does not contest the repeated assertions made here by the Hogans on this point. The Board erroneously deviated from the federal agency's decision to award benefits if the Hogans could demonstrate disability at the time of the hearing. Although SRS has contested the ability of the child to meet the financial eligibility requirements of SSI at the time of the application when he was part of the Hogan family, it has not contested that ability at the time adoption proceedings were initiated. Thus, we conclude that the Hogans have demonstrated that the child

met "all of the requirements . . . with respect to eligibility for supplemental security income benefits" and is eligible for adoption assistance benefits. 42 U.S.C. § 673(a)(2)(A)(ii). Because of our disposition, we do not reach the alternative ground for reversal raised by the Hogans.

*Reversed.*