VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.       23-AP-138

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

Nicole DeNoyers (Burbank)* v.
Department of Labor

}    APPEALED FROM:
}
}    Employment Security Board
}    CASE NO. D-006745

In the above-entitled cause, the Clerk will enter:

Claimant appeals an order of the Employment Security Board upholding the conclusion of an administrative law judge (ALJ) that she was ineligible for Pandemic Unemployment Assistance (PUA) benefits received in 2020.  We affirm.

The ALJ found the following facts.  In September 2019, claimant was laid off from her job in California.  She filed for and received regular unemployment benefits through the State of California, which she collected from September 2019 through November 2019.  In December 2019, claimant stopped collecting those benefits and moved to Vermont, where she began operating a café she had purchased.  However, the onset of the COVID-19 pandemic significantly impacted claimant's café and, in May 2020, she applied for PUA benefits in Vermont.  Claimant was initially found eligible and collected PUA benefits for fifteen weeks.  However, a claims adjudicator later determined that claimant was not eligible to receive PUA benefits because she had an open, unexhausted regular unemployment benefit claim in California.

Claimant appealed the Department of Labor's determination.  On the basis of the above findings, the ALJ concluded that claimant's open, unexhausted California claim rendered her ineligible for PUA benefits in Vermont.  Claimant appealed to the Board, which adopted the ALJ's findings and conclusions and sustained the decision.  Claimant then brought the instant appeal.

The PUA program was created as part of the federal Coronavirus Aid, Relief, and Economic Security Act and administered by state agencies.  See 15 U.S.C. § 9021(f)(1).  As a result, we review the Board's interpretation of the Act without deference.  Hogan v. Dep't of

<u>Soc. & Rehab. Servs.</u>, 168 Vt. 615, 617 (1998) (mem.) ("We defer to an administrative agency's interpretation of its own statutes and rules but not to a state agency's interpretation of federal law where the state agency is charged with administering the federal program at the local level."). We will uphold the Board's factual findings unless they are clearly erroneous. <u>Blue v. Dep't of Lab.</u>, 2011 VT 84, ¶ 6, 190 Vt. 228.

Under the Act, only "covered individual[s]" were eligible for PUA benefits. 15 U.S.C. § 9021(b). "Covered individual" is defined in relevant part as one who "is not eligible for regular compensation or extended benefits under State or Federal law . . . including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law." <u>Id</u>. § 9021(a)(3)(A)(i). Thus, the Act conditioned a claimants' eligibility for PUA benefits on their <u>ineligibility</u> for other unemployment benefits. Here, the Board concluded that claimant was not eligible for the PUA benefits she received because of her unexhausted regular unemployment claim in California. See <u>id</u>.

On appeal, claimant does not challenge the finding that she had an open,[*] unexhausted unemployment claim in California or the conclusion that the California claim made her eligible for other benefits such that she was not a "covered individual" under § 9021(a)(3)(A)(i). Instead, she advances several equitable arguments in support of the contention that she should not have been deemed ineligible for PUA benefits. She submits that: (1) it is unreasonable to hold that she should have known that PUA benefits could have been collected in another state under the circumstances present here; (2) though the ALJ advised her to pursue PUA benefits in California, the time in which to apply for such benefits had lapsed when the ALJ's decision issued; and (3) she used the PUA benefits she received to keep her café afloat and contribute to the local economy and, as a businessowner, she paid into Vermont's unemployment insurance fund.

We first note that we cannot endorse the characterization of the record on which claimant's first two arguments are premised. Neither the ALJ nor the Board made any holding about what claimant should have known or concluded that she was eligible for PUA benefits—as opposed to regular unemployment benefits—in another state. Likewise, neither the ALJ nor the Board advised claimant to seek PUA benefits in California. Rather, the ALJ noted that claimant should contact the California Department of Labor regarding her unexhausted regular unemployment claim, and the Board likewise observed that if claimant had additional benefit eligibility for the period in question, this eligibility could be assessed by the State of California.

In any event, all three arguments are unavailing for the same fundamental reason. Claimant was deemed ineligible for PUA benefits because, at the time of her application, she was eligible for other benefits—a finding she does not challenge—and therefore not a "covered individual" under the Act. See 15 U.S.C. § 9021(a)(3)(A)(i). Though understandably significant to claimant personally, under the plain language of the Act, claimant's knowledge of her eligibility for other benefits, her ability to collect those other benefits following the determination that she was ineligible for PUA benefits, and her contributions to Vermont's

---

[*] Though claimant's brief at one point describes her California claim as "closed," she does not argue that the finding that it was open was clearly erroneous.

economy and unemployment insurance fund were immaterial in determining whether she was a "covered individual."  See id.  The Board did not err in concluding that claimant was not eligible to receive PUA benefits.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice