**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    23-AP-257

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

| | |
|---|---|
| Walter Taylor, III\* v. Nicholas Deml, Commissioner VT DOC et al. | } APPEALED FROM:<br><br>} Superior Court, Rutland Unit, Civil Division<br>} CASE NO. 23-CV-00089<br>} Trial Judge: Megan J. Shafritz |

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate in the custody of the Department of Corrections (DOC), appeals the denial of his complaint seeking a writ of mandamus directing DOC to provide him with certain educational and other programming.  We affirm.

The following facts are drawn from the trial court's order and the record below.  In January 2023, plaintiff filed a civil complaint asserting that DOC had failed to offer him any programming to assist in his rehabilitation and prepare him for release into the community.  The court held a merits hearing in April 2023 at which plaintiff testified.  The court subsequently issued a written order in which it found that plaintiff was serving an eight-to-twenty-two-year sentence and believed that his earliest release date would be 2029.  He had previously been housed in two facilities in Vermont and was presently in DOC custody in a facility in Mississippi.  Plaintiff believed that DOC was not adequately preparing him for his eventual release into the community.  He had often been placed in segregation and close confinement without access to educational opportunities, vocational training, and recreational time.  At various times in 2022, he filed grievances requesting access to educational materials, higher-level classes, and physical fitness training, asking for a workout machine, seeking certain prison jobs, and requesting more gym and exercise time and better access to a law library.  He sought to participate in risk-reduction programming but was denied because he was not yet eligible.  He also asked DOC to pay for him to obtain a bachelor's and a master's degree, stating that he would like to get an MBA.  DOC referred him to vocational programs and encouraged him to submit applications for jobs or other requests.  It denied some of his requests due to lack of space or because he was ineligible due to his classification.

The court found that while plaintiff was incarcerated at Marble Valley Regional Correctional Facility in Rutland, he participated in some classes.  These ended when he was transferred to Northern State Correctional Facility in Newport.  Plaintiff had a high-school degree.  He wanted DOC to pay for him to take college courses.  He also wanted employment so he could earn money to prepare for his release.  When housed in segregation, he did not have

access to facility libraries. He was able to use prison computers to access legal materials but usually did not have sufficient funds to access other things. He was told that he would be offered specific risk-reduction programming approximately nine months prior to his minimum release date.

The trial court interpreted plaintiff's complaint as seeking mandamus relief in the form of an order directing DOC to provide him with an appropriate program that would prepare him to return to the community. The court found that DOC did offer plaintiff programs and educational opportunities, but not at a level that plaintiff felt was sufficient or comprehensive. At other times, plaintiff had been unable to take advantage of classes or vocational programs because he was ineligible due to his classification level or had to wait for space and personnel time to become available. The court found that this did not amount to a total failure by DOC to provide him with educational opportunities. The court also found that DOC's policy of not allowing plaintiff to participate in risk-reduction programming until nine months from his release date did not constitute a failure to provide any programming. The court therefore denied plaintiff's request for mandamus relief.

On appeal, plaintiff argues that DOC is obligated to create an individualized plan for his education and rehabilitation under Nash v. Coxon, 155 Vt. 336 (1990), and 28 V.S.A. § 1(b). He argues that DOC has violated this obligation by failing to offer him any suitable programs, education, or employment to prepare him for release.

Because the trial court's decision here was issued after an evidentiary hearing on the merits, we will affirm its findings absent a showing of clear error and review its legal conclusions de novo. Borden v. Hofmann, 2009 VT 30, ¶ 9, 185 Vt. 486.

Vermont Rule of Civil Procedure 75 provides for review of "action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not reviewable or appealable under Rule 74." V.R.C.P. 75(a). Rule 75 "provides a procedure applicable whenever county court review . . . is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition." Reporter's Notes, V.R.C.P. 75. The only writ potentially applicable to plaintiff's complaint is mandamus, which "is a command from the court to an official, agency, or lower tribunal to perform a simple and definite ministerial duty imposed by law." Wool v. Menard, 2018 VT 23, ¶ 11, 207 Vt. 25 (quotation omitted). We have allowed mandamus review in cases involving extreme, arbitrary abuse of administrative discretion that "amount[s] to a practical refusal to perform a certain and clear legal duty." Inman v. Pallito, 2013 VT 94, ¶ 15, 195 Vt. 218 (quotation omitted).

Plaintiff fails to demonstrate that he is entitled to mandamus relief in this case. Section 1(b) of Title 28 provides that DOC "shall develop and implement a comprehensive program that . . . will establish as its primary objective the disciplined preparation of offenders for their responsible roles in the open community." It further requires DOC to ensure that the comprehensive program "includes a process by which each offender sentenced to any term of imprisonment other than for life without parole, within 30 days after receiving his or her sentence, shall begin to develop and implement a plan preparing for return to the community." Id.

Here, the trial court found that DOC, in the various facilities where plaintiff has been housed, offered programs and educational opportunities consistent with its obligation under 28 V.S.A. § 1(b). Plaintiff does not challenge these findings, which support the court's conclusion

2

that DOC has not completely failed to offer rehabilitative programming to plaintiff and other inmates, and therefore has not engaged in an extreme and arbitrary abuse of discretion meriting mandamus relief.

As we explained in Nash, DOC "has broad discretion to decide what is most effective for inmates, who may complain only if they can demonstrate that such discretion has been abused." 155 Vt. at 338. In Nash, we concluded that DOC did not abuse its discretion by denying an inmate's request to pay for a correspondence course in paralegal education where the record showed the correctional facility where the inmate was housed offered other courses of study that satisfied 28 V.S.A. § 1(b). Id. We explained that "[t]here is a considerable difference between a facility with virtually no educational or rehabilitative programs, . . . and one that has a reasonable selection of such programs but declines to expend funds to add new options requested by specific inmates." Id. at 339. While DOC was obligated to examine the individual needs of inmates, it was not required to "address those needs only by agreeing to what the inmate perceives to be appropriate." Id. Here, as in Nash, plaintiff has failed to demonstrate that DOC abused its discretion in denying his requests to pay for specific educational programs.

To the extent plaintiff is challenging DOC's policy decision to not offer him risk-reduction programming until nine months prior to his release date, his claim fails for a similar reason. The decision falls within DOC's broad discretion to oversee such programming, see 28 V.S.A. § 102(b)(2), (c)(3), (c)(4), (c)(8), and does not amount to a wholesale failure to perform a ministerial duty. See Rheaume v. Pallito, 2011 VT 72, ¶ 7, 190 Vt. 245 (stating mandamus relief not available to prisoner seeking change in programming requirements). The trial court therefore properly denied his request for relief.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice